UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------
ROBERT SOLLITTO, JR.,

                          Plaintiff,                     **MEMORANDUM & ORDER**
                                                                    15-CV-5913 (MKB) (VMS)

                          v.

DAVID SHULKIN, *Secretary of United States*
*Department of Veterans Affairs*,[1]

                          Defendant.
---------------------------------------------------------------
MARGO K. BRODIE, United States District Judge:

On October 14, 2015, Plaintiff Robert Sollitto, Jr. commenced the above-captioned action against the Secretary of the United States Department of Veterans Affairs, acting in his official capacity. (Compl., Docket Entry No. 1.) Plaintiff alleges that the Department of Veterans Affairs (the "VA") discriminated against him based on his disability, failed to provide him with a reasonable accommodation and created a hostile work environment in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 791 *et seq.* (*See generally id.*) On October 29, 2015, Plaintiff filed an Amended Complaint. (Am. Compl., Docket Entry No. 4.) Currently before the Court is Plaintiff's motion, pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, to set aside part of Magistrate Judge Vera M. Scanlon's December 7, 2016 Order (the "December Order"), which granted in part and denied in part Plaintiff's motion to compel certain interrogatory responses and requests for production of documents. (*See* December Order,

---

[1] Pursuant to Fed. R. Civ. P. 25(d), the caption has been updated to reflect the new Secretary of the Department of Veterans Affairs, David Shulkin, who took office on February 14, 2017.

Docket Entry No. 23; Pl. Mot. to Set Aside the December Order ("Pl. 72(a) Mot."), Docket Entry No. 30.) For the reasons set forth below, the Court affirms Judge Scanlon's December Order.

I. **Background**

   a. **Allegations in the Amended Complaint**

Plaintiff is a thirty-one-year-old man who was diagnosed at birth with cerebral palsy. (Am. Compl. ¶ 10.) He has difficulty ambulating and seeing and uses a cane to walk while indoors and a scooter to move around outdoors. (*Id.* ¶ 11.) In September of 2012, Plaintiff obtained a position working for the VA. (*Id.* ¶ 15.) Plaintiff alleges Defendant discriminated against him because of his physical disability, ostracized him, failed to provide him with the required training to perform his work, transferred him to various work sites and deliberately failed to provide him with a reasonable accommodation despite his repeated requests. (*Id.* ¶ 16.) In addition, Defendant allegedly informed Plaintiff that he would not be promoted to a higher position despite his qualifications to perform the job duties of a higher position. (*Id.* ¶ 17.) As a result of the alleged discrimination, Plaintiff suffered stress, anxiety, elevated blood pressure and an injury on June 16, 2014 that forced him to remain out of work for approximately one year. (*Id.* ¶¶ 19–22.)

   b. **Plaintiff's motion to compel**

On April 15, 2016, Plaintiff served Defendant with interrogatories and requests for production of documents ("RFPs"). (*See* Pl. Mot. to Compel at 1, Docket Entry No. 17.) On June 21, 2016, Defendant served its objections and responses to Plaintiff's discovery requests. (*See* Def. Opp'n to Pl. Mot. to Compel at 1, Docket Entry No. 19.) The parties corresponded about the scope of discovery between September and November of 2016. (*Id.*) On November 3, 2016, Plaintiff filed a motion to compel Defendant (1) "to provide responses to [I]nterrogatories

[No. 1–7 and 12], instead of referring Plaintiff to a mass of documents"; (2) "to undertake a good[-]faith search and produce documents responsive to all of Plaintiff's document requests, and in particular Request No[s]. 1, 3, 4, 5, 7, 12, 13, 14, 15, 16, 17, 18 and 19"; and (3) to produce for deposition "Peter Marsala, Defendant's Safety Director, who immediately before Plaintiff's on[-]the[-]job accident, allegedly inspected Plaintiff's worksite and concluded no accommodation was warranted; Jillian Pepe (a former employee) and Dawn Marie [Nevins] (now located in Colorado), Plaintiff's former supervisors." (Pl. Mot. to Compel at 1–2.) Plaintiff argued that Defendant failed to make a good-faith attempt to search for and provide documents responsive to the interrogatories and RFPs, instead referring Plaintiff to either a Bates range of all produced documents or the Report of Investigation ("ROI") prepared by the investigator who investigated Plaintiff's underlying administrative discrimination claim. (*Id.* at 3.)

In response, Defendant argued that Plaintiff had identified purported deficiencies for the first time at a Rule 37 conference on November 1, 2016, and "refused to refine, clarify or otherwise narrow the scope" of the discovery requests. (Def. Opp'n to Pl. Mot. to Compel at 1.) Defendant further argued that it had produced more than 1075 pages of documents and that Plaintiff's requests were "overly broad" and "amount[ed] to an improper fishing expedition" of personnel files not related to this case. (*Id.* at 2.) Defendant then explained its response to each of the interrogatories and RFPs in dispute. (*See generally id.*)

The parties disputed the scope of Interrogatories Nos. 1–7 and 12. As relevant to Plaintiff's Rule 72(a) motion, the disputed interrogatories requested that Defendant: (1) identify each department to which Defendant assigned Plaintiff and the reasons for such assignment, the complaints Plaintiff made, Defendant's response to those complaints, and all relevant documents,

3

(Interrogatory No. 3); (2) identify "all persons working at New York Harbor Healthcare System in Brooklyn, New York" who are "physically disabled," including any accommodations provided to those persons and all relevant documents, (Interrogatory No. 4); and (3) describe in "full and complete detail" the salary and benefits Plaintiff would have earned during the period he was out of work, following his on-the-job accident, and append relevant documents, (Interrogatory No. 12). (*See* Def. Obj. & Resp. to Pl. First Set of Interrogs. ("Def. Obj. to Interrogs.") 4–7, 9, Docket Entry No. 30-6.)

The parties also disputed the scope and sufficiency of Defendant's responses to RFPs Nos. 3, 4, 12, 14, 15, 16 and 17. As relevant to Plaintiff's Rule 72(a) motion, the disputed RFPs requested that Defendant produce: (1) all documents on which Defendant relied "to conclude on or about June 16, 2014 that Plaintiff required no accommodation," (RFP No. 12); (2) all documents relating to Deborah Innella and Peter Marsala's inspection of Plaintiff's worksite, (RFP No. 14); and (3) all documents that describe "any undue hardship Defendant claims it would have experienced had it provided Plaintiff with the accommodation(s) he requested for his disability," (RFP No. 18). (*See* Def. Obj. & Resp. to Pl. First Set of Req. for Prod. ("Def. Obj. to RFPs") 6, 12–14, Docket Entry No. 30-7.)

On December 7, 2016, Judge Scanlon held a status conference on Plaintiff's motion to compel and issued the December Order, which granted in part and denied in part Plaintiff's motion. (*See* December Order at 1.) Judge Scanlon ruled that Defendant need not provide further information responsive to Interrogatories Nos. 1–4, 7 and 12, but that Defendant had to provide tailored responses to Interrogatories Nos. 5 and 6. (*Id.* at 2–4.) Judge Scanlon ruled that Defendant need not supplement its document productions in response to Plaintiff's RFPs. (*Id.* at 4.) In addition, Judge Scanlon noted that Plaintiff had already taken Nevins' deposition,

4

Marsala's deposition would be scheduled for January of 2017 and Plaintiff was free to subpoena Pepe if Plaintiff wanted to depose her.[2]

### c. Plaintiff's Rule 72(a) motion

On December 27, 2016, Plaintiff appealed part of the December Order pursuant to Rule 72(a).[3] (*See* Pl. Letter to Def. Re Pl. 72(a) Mot., Docket Entry No. 24.) Specifically, Plaintiff moves to set aside Judge Scanlon's rulings that Defendant need not provide further responses to Interrogatories Nos. 3, 4 and 12 or produce further documents in response to RFPs Nos. 12, 14 and 18. (Pl. 72(a) Mot. at 1.)

#### i. Interrogatories Nos. 3, 4 and 12

Plaintiff argues that he is entitled to the information requested in Interrogatory No. 3[4] because it is relevant to Plaintiff's claim that Defendant "tried to avoid [its] duty to address his

---

[2] Judge Scanlon also ruled largely in Plaintiff's favor on Defendant's cross-motion to compel certain interrogatory responses and documents from Plaintiff, but that portion of the December Order is not on appeal before the Court. (*See* December Order at 4, 5.)

[3] The Court notes that under Rule 72(a), a party may object to a magistrate judge's non-dispositive order "within 14 days after being served with a copy." Fed. R. Civ. P. 72(a). Plaintiff did not move to set aside Judge Scanlon's December Order until December 27, 2016, fifteen days after Plaintiff states he was "served by [ECF] with notice of the Order." (*See* Pl. 72(a) Mot. at 1; December Order (entered Dec. 12, 2016).) However, because Defendant has not objected to the timeliness of Plaintiff's Rule 72(a) motion, the Court will consider Plaintiff's motion on the merits. *Cf. Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("In general, 'failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.'" (citation omitted)).

[4] Interrogatory No. 3 asks Defendant to identify "each department, unit and worksite to which Defendant assigned Plaintiff, and describe for each: (a) the reason for the assignment; (b) the person(s) who made the decision to assign Plaintiff to the department, unit and worksite; (c) the complaints Plaintiff made regarding the assignment(s); (d) the Defendant's response(s), if any[,] to Plaintiff's complaint(s) and request(s); and (e) all documents related to [Defendant's] response to this Interrogatory." (Def. Obj. to Interrogs. at 4.) Although Defendant objected to Interrogatory No. 3, Defendant responded by referring Plaintiff to a series of previously produced documents. (*Id.* at 4–5.)

5

complaints and requests by shifting his worksite" instead of "engaging in the interactive process and properly responding to his requests for an accommodation." (*Id.* at 6.) Defendant argues that it responded appropriately to Interrogatory No. 3 by referencing documents that "contained summaries and sworn statements describing Plaintiff's employment history, the areas in which he was assigned, the dates he was moved along with the reasons for the moves, his supervisors and those in his chain of command, the accommodation requests he made and Defendant's responses to those requests." (Def. Opp'n to Pl. 72(a) Mot. ("Def. 72(a) Opp'n") 5, Docket Entry No. 31.) Defendant notes that it also produced Plaintiff's personnel records, which "contained the requested information relating to the departments and units to which Plaintiff was assigned." (*Id.*)

As to Interrogatory No. 4,[5] Plaintiff argues that he is entitled to information relating to the identity of other employees with disabilities because such information might support his claim that Defendant refused to promote him because of his disability. (Pl. 72(a) Mot. at 7.) Plaintiff argues that his needs outweigh those employees' privacy interests. (*Id.*) Defendant argues that it identified documents responsive to Plaintiff's request, including "a roster of individuals who worked in the same department as Plaintiff that listed whether the employee

---

[5] Interrogatory No. 4 requests that Defendant "[i]dentify all persons working at the New York Harbor Healthcare System[] in Brooklyn, New York who are physically disabled, including any accommodation you provided to said person, and identify all documents related to your response to this Interrogatory." (Def. Obj. to Interrogs. at 5.) In response, Defendant objected that the interrogatory was vague and overly broad because it sought information relating to individuals that may not have the same disability as Plaintiff or require similar accommodations. (*Id.*) Defendant also objected to the extent the interrogatory sought confidential personnel information protected by state and federal privacy laws. (*Id.*) Defendant nevertheless referred Plaintiff to a series of previously produced documents.

suffered from a disability," and "sworn statements from Plaintiff's co-workers and managers that identified whether the individual suffered from a disability." (Def. 72(a) Opp'n at 5.)

Finally, Plaintiff argues that Defendant's response to Interrogatory No. 12[6] is insufficient because the documents to which Defendant refers "do not show what salary [Plaintiff] would have earned during his time out of work, nor do they provide sufficient information to ascertain what benefits, nor the nature and amount of the benefits he would have received, during this period." (Pl. 72(a) Mot. at 7–8.) Defendant asserts that it "produced Plaintiff's personnel records that reflected his grade level, salary and benefit information that he received while employed at the VA," and that Plaintiff remained at the same level on the government pay scale after he returned from leave. (Def. 72(a) Opp'n at 5–6.)

### ii. RFPs Nos. 12, 14 and 18

As to RFP No. 12,[7] Plaintiff states only that Defendant responded by pointing Plaintiff "to the entire ROI." (Pl. 72(a) Mot. at 8.) Similarly, Defendant pointed Plaintiff to the same ROI documents "and a few others" in response to Plaintiff's RFP No. 14.[8] (*Id.*) Plaintiff argues

---

[6] Interrogatory No. 12 requests that Defendant "[d]escribe in full and complete detail[] the salary Plaintiff would have earned and benefits he would have earned during the period he was out of work, following the June 17, 2014 accident, and identify all documents related to this Interrogatory." (Def. Obj. to Interrogs. at 9.) In response, Defendant objected to the interrogatory as vague, overly broad and speculative, but referred Plaintiff to a series of previously produced documents. (*Id.*)

[7] RFP No. 12 requests that Defendant "[p]roduce all documents on which [Defendant] relied to conclude on or about June 16, 2014 that Plaintiff required no accommodation." (Def. Obj. to RFPs at 12.) Defendant objected to the RFP as mischaracterizing Defendant's position, but referred Plaintiff to the ROI. (*Id.*)

[8] RFP No. 14 requests that Defendant "[p]roduce all documents related to the inspection by Deborah Innella and Peter Marsala of Plaintiff's worksite." (Def. Obj. to RFPs at 13.) Defendant objected to the RFP as overbroad and vague and as assuming that Innella had conducted such an inspection. (*Id.*) Defendant nevertheless referred Plaintiff to the ROI and to

that references to the ROI were insufficient because "[t]he ROI does not contain the information sought by these [RFPs]" and thus, "Defendant should be directed to produce the responsive documents." (*Id.*) Plaintiff did not mention RFP No. 18.[9]

Defendant argues that it produced "all documents" responsive to RFP No. 12 and produced "responsive documents, including narratives of the inspection of Plaintiff's worksite and pictures taken of Plaintiff's office," to RFP No. 14. (Def. 72(a) Opp'n at 6.) Defendant also avers that it "is not withholding any documents responsive to [RFP No. 18]." (*Id.*)

## II. Discussion

### a. Standard of review

Under the Federal Magistrates Act, 28 U.S.C. § 636, and Rule 72 of the Federal Rules of Civil Procedure, "[a] magistrate judge is authorized 'to make findings as to non-dispositive pretrial matters, such as discovery matters, which may not be disturbed by a district judge absent a determination that such findings were clearly erroneous or contrary to law.'" *Ingenito v. Riri U.S.A.*, No. 11-CV-2569, 2015 WL 9412541, at *5 (E.D.N.Y. Dec. 22, 2015) (alteration in original) (citing *Ebo v. N.Y. Methodist Hosp.*, No. 12-CV-4432, 2015 WL 4078550, at *4 (E.D.N.Y. July 6, 2015)); *see also Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007) ("[T]he district court to whom the case is assigned shall consider . . . objections and shall modify

---

several other previously produced documents, and noted that it was not otherwise withholding non-privileged, relevant documents responsive to the request. (*Id.*)

[9] RFP No. 18 asks Defendant to "[p]roduce all documents which describe any undue hardship Defendant claims it would have experienced had it provided Plaintiff with the accommodation(s) he requested for his disability." (Def. Obj. to RFPs at 15.) Defendant objected to the RFP as, among other things, argumentative, calling for a legal conclusion as it relates to the undue hardship defense and mischaracterizing Defendant's position. (*Id.*) Defendant nevertheless referred Plaintiff to several sets of previously produced documents and noted that it was not otherwise withholding non-privileged, relevant documents responsive to the request. (*Id.*)

or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." (quoting Fed. R. Civ. P. 72(a))). An order is clearly erroneous if, based on all the evidence, a reviewing court "is left with the definite and firm conviction that a mistake has been committed." *In re Gordon*, 780 F.3d 156, 158 (2d Cir. 2015) (internal quotation marks omitted) (quoting *United States v. Murphy*, 703 F.3d 182, 188 (2d Cir. 2012)); *Ingenito*, 2015 WL 9412541, at *5. "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Ingenito*, 2015 WL 9412541, at *5 (citation and internal quotation marks omitted). Under this highly deferential standard, magistrate judges are "afforded broad discretion in resolving discovery disputes, and reversal is appropriate only if that discretion is abused." *McNamee v. Clemens*, No. 09-CV-1647, 2014 WL 1338720, at *2 (E.D.N.Y. Apr. 2, 2014) (first citing *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 524 (2d Cir. 1990); and then citing *United States v. Dist. Council*, 782 F. Supp. 920, 922 (S.D.N.Y. 1992)). Therefore, "a party seeking to overturn a discovery order [by a magistrate judge] bears a heavy burden." *Bachayeva v. Americare Certified Special Servs.*, No. 12-CV-1466, 2013 WL 4495672, at *1 (E.D.N.Y. Aug. 20, 2013) (quoting *Garcia v. Benjamin Grp. Enter. Inc.*, 800 F. Supp. 2d 399, 403 (E.D.N.Y. 2011)).

### b. The December Order was neither clearly erroneous nor contrary to law

Plaintiff has not demonstrated that Judge Scanlon's rulings on Interrogatories Nos. 3, 4 and 12 and RFPs Nos. 12, 14 and 18 are clearly erroneous or contrary to law. Instead, Plaintiff recites the same arguments that he made to Judge Scanlon in the motion to compel production, (*see* Pl. Mot. to Compel at 2–3), repeatedly noting the relevance of the desired information to his legal theory. However, although a party is entitled to matters that are "relevant to the claim or defense of any party," Fed. R. Civ. P. 26(b)(1), a court must also consider whether the additional

9

Rule 26 limitations on discovery apply, *see* Fed. R. Civ. P. 26(b)(2)(C) (noting that a court "must" limit the frequency or extent of discovery where, among other things, the discovery is "unreasonably cumulative or duplicative, or can be obtained from some other source" or the party seeking discovery "has had ample opportunity to obtain the information by discovery in the action"). *See During v. City Univ. of N.Y.*, No. 05-CV-6992, 2006 WL 2192843, at *4 (S.D.N.Y. Aug. 1, 2006) ("Because 'the trial court is in the best position to weight fairly the competing needs and interests of parties affected by discovery,' Rule 26 confers broad discretion to weigh discovery matters." (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34 (1984))). Judge Scanlon weighed the parties' arguments in deciding Plaintiff's motion to compel, and Plaintiff has not demonstrated that the challenged rulings were clearly erroneous. It was well within Judge Scanlon's discretion to determine, for example, that the privacy interests of Defendant's employees with disabilities outweigh Plaintiff's right to those personnel files, and, notwithstanding Judge Scanlon's decision, Defendant produced a roster of employee information responsive to Interrogatory No. 4. (*See* Def. 72(a) Opp'n at 5.) The fact that the information Plaintiff seeks through Interrogatories Nos. 3 and 12 would be "relevant to [Plaintiff's] claims of disability discrimination" and "relevant to [Plaintiff's] calculation of damages," respectively, does not render Judge Scanlon's rulings clearly erroneous.

Because Plaintiff fails to identify any way in which the December Order was clearly erroneous or contrary to law, the Court denies Plaintiff's motion.

**III. Conclusion**

For the foregoing reasons, the Court affirms Judge Scanlon's December Order in its entirety.

SO ORDERED:

    s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: April 19, 2017
       Brooklyn, New York